**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | |
|---|---|
| **SLONE ASSOCIATES, INC.**, <br><br> Plaintiff, <br><br> v. <br><br> **BEAUFORT ENGINEERING SERVICES, INC.**, <br><br><br> Defendant, <br><br> v. <br><br> **WESTFIELD INSURANCE COMPANY,** <br><br> Third Party Defendant, <br><br> v. <br><br> **SURETEC BONDING COMPANY,** <br><br> Third Party Defendant. | Civil Action No. 7:11-CV-170 (HL) |

**ORDER**

This case is before the Court on Defendants Beaufort Engineering Services, Inc. ("BES") and SureTec Bonding Company's ("SureTec") Motion to Dismiss, or in the alternative, Motion to Transfer Venue (Doc. 12).

On November 18, 2011, BES filed a complaint for damages against Slone Associates, Inc. ("Slone") and Westfield Insurance Company ("Westfield") in the

United States District Court for the District of South Carolina. On November 21, 2011, Slone filed a complaint for damages against BES in the Superior Court of Lowndes County, Georgia. The state court action was removed to this Court on December 8, 2011. The parties agree that the two pending cases involve substantially identical complaints and counterclaims.

BES and SureTec argue that under the first-filed rule, this case should be dismissed. "Generally, when parties have filed competing or parallel litigations in separate federal courts, the court in which the case was first filed should hear the case." Kate Aspen, Inc. v. Fashioncraft-Excello, Inc., 370 F.Supp.2d 1333, 1338 (N.D. Ga. 2005). "The rule rests on principles of comity and sound judicial administration" and serves "to maximize judicial economy and minimize embarrassing inconsistencies by prophylactically refusing to hear a case raising issues that might substantially duplicate those raised in a case pending in another court." Cadle Co. v. Whataburger of Alice, Inc., 174 F.3d 599, 604 (5th Cir. 1999). The "first-filed" rule applies in the Eleventh Circuit, *see* Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu, 675 F.2d 1169, 1174 (11th Cir. 1982), and the Fourth Circuit, *see* Butler v. DirectSat USA, LLC, 800 F.Supp.2d 662, 665 (D. Md. 2011).

Slone contends that this Court is not the proper court to determine the first-filed issue. Slone is correct. "[U]nder the 'first-filed rule,' the court where the subsequently filed action has been filed should defer to the court where the first action was filed to allow that court to decide whether it should exercise

jurisdiction over both cases in a consolidated action." Perkins v. Am. Nat. Ins. Co., 446 F.Supp.2d 1350, 1353 (M.D. Ga. 2006). Thus, once the court has determined that a likelihood of substantial overlap exists between the lawsuits, it is no longer up to the second filed court to resolve the issue of whether both cases should be allowed to proceed. Cadle, 174 F.3d at 606. Rather, "the proper course of action [is] for the court to transfer the case to the [first-filed] court to determine which case should, in the interests of sound judicial administration and judicial economy, proceed." Id. at 606.

It is clear from the record that the South Carolina lawsuit was filed first. Further, the parties agree, and the Court finds, that there is a likelihood of substantial overlap between the two cases. The United States District Court for the District of South Carolina is the appropriate court to decide whether this action should be allowed to proceed, whether it should be consolidated with the South Carolina case, or, as between Georgia and South Carolina, which court is the more appropriate venue to resolve the dispute.

Defendants' Motion to Dismiss or Transfer Venue (Doc. 12) is granted, in part, and denied, in part. The request for dismissal is denied. The request for a transfer of venue is granted. This case is transferred to the United States District Court for the District of South Carolina.

**SO ORDERED**, this the 13th day of April, 2012.

            *s/Hugh Lawson*
mbh         **HUGH LAWSON, SENIOR JUDGE**